IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY (CAMDEN)

| | |
|---|---|
| BRIAN OLIN,<br><br>          Plaintiff,<br><br>vs.<br><br>M.R.S. ASSOCIATES, INC.,<br><br>          Defendant. | Hon. Karen Williams<br>Civil Action No.: 10-01380 |

### MEMORANDUM OF LAW IN OPPOSITION TO PERSELS & ASSOCIATES, MOTION TO QUASH SUBPOENA

Defendant, M.R.S. Associates, Inc., ("MRS") by and through its counsel, Joann Needleman, Esq, of Maurice & Needleman, P.C, hereby respectfully submits this Memorandum of Law in Opposition to third-party witness, Persels & Associates, ("Persels") Motion to Quash Subpoena. In support of its opposition hereof, MRS submits the following:

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

MRS served Persels with a Subpoena to Produce Documents pursuant to Fed R.C.P. 45. (*See Doc No. 16 at Exhibit C*)   Defendant's subpoena sought among other things:

1. Legal Services Agreement signed by both a representative of Persels & Associates and each Plaintiff

2. Any and all documents relating to any agreements between Persels &Associates and Warren & Vullings, LLP, including but not limited to fee agreements and referral agreements.

Persels has also asserted an objection on the basis of privilege, but has provided a privilege log which confirms a retainer agreement with the Plaintiff. (*See Doc No. 16 at Exhibit D); ((See Doc No. 16 at Exhibit E).* Plaintiff's counsel, Warren & Vullings, has advised the undersigned counsel in writing that it has no written agreement with Persels in regard to fees. Therefore Request No. 2 of the Subpoena to Produce Documents is moot. However Warren & Vullings admits referral fees are exchanged and would be exchanged in this matter if Plaintiff is successful and there is an award of attorney's fees. As of the date if this response, neither Plaintiff nor Persels has produced its retainer agreement with the Warren and Vullings or Persels.

Persels has filed this present Motion to Quash MRS's subpoena. However, Persels' Memorandum of Law in support of its Motion has been filed under seal and is restricted, leaving MRS severely prejudice and unable to respond to the arguments that maybe set forth therein, let alone put on notice of what those arguments maybe. MRS files this present response and opposition to Persels' Motion to Quash to address the issue of privilege that has been raised in the various exhibits submitted by Persels. However, to the extent that additional arguments are raised in Persels restricted Memorandum, MRS must be given the opportunity to be made aware of these arguments as well as an appropriate opportunity to respond.

**II     ARGUMENT**

    A.     <u>STANDARD OF REVIEW</u>

Federal Rule of Civil Procedure 26(b) governs the scope and limit of discovery. Rule 26(b)(1) provides:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party…

> Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence…

While Rule 26(b)(1) provides for a more narrow scope of discovery that may be initiated by the parties, it permits the court to order traditionally broad discovery on a showing of good cause. *See* 6 Moore's Federal Practice §26.41[2],[3] (Matthew Bender 3d ed.). Furthermore, as long as the information sought has the necessary element of relevance, the fact that the information might be subject to an exclusion objection is not a ground for objecting to discovery of the information. Discoverable information need not be admissible at trial. *See* 6 Moore's Federal Practice §26.42 (Matthew Bender 3d ed.); *Couglin v. Lee*, 946 F.2d 1152 (5th Cir. 1991)(district court abused discretion by limiting scope of discovery when requested material was relevant and material to the development of the plaintiffs' claim); *Cox v. McClellan*, 174 F.R.D. 32, 34 (W.D. N.Y. 1997)(admissibility at trial is not standard for resolution of discovery disputes); *United States v. City of Torrance,* 164 F.R.D. 493, 495 (C.D. Cal. 1995)(discoverable information need not be admissible at trial).

As to the documents requested by MRS in its subpoena, Persels' objection is contrary to the established law in this Circuit. Fee arrangements are generally not privileged because they reveal nothing about the advice sought or given [by the attorney]. See, *Montgomery County v. Micro Vote Corp.*, 175 F.3d 296, 304 (3rd Cir. 1999)(citations omitted). The attorney-client privilege does not protect fee arrangements absent a strong probability that the disclosure would implicate the client in criminal activity. *In re Grand Jury Investigation*, 631 F.2d 17, 19 (3d Cir. 1980). No such implication has been stated in this matter.

Federal Rule of Civil Procedure 45(c)(3)(A)(iii) permits a Court to quash or modify a subpoena that requires disclosure of privileged or other protected matter, if no exception or waiver applies. As will be shown, the information sought is not privileged.

      B.      <u>RETAINER AGREEMENT FROM PERSELS IS NOT PRIVELGED</u>.

MRS seeks copies of the Persels' Legal Service Agreement with the Plaintiff for the purposes of determining whether Persels was the attorney representing the Plaintiff at the time of the alleged violations and the fee arrangements with the Plaintiff. MRS does not seek any information regarding the advise sought or given to the Plaintiff. As stated and fully briefed in MRS's Motion to Compel, Persels status in this case is highly relevant to MRS's defense in this case.

Additionally, Neil Ruthar, Managing Attorney for Persels, has testified under oath that his firm is entitled a referral fee of 25% of whatever Warren & Vullings, Plaintiff's current counsel, may recover by way of attorney's fees in this FDCPA case.

However, referral fees of this nature are strictly prohibited except under certain circumstances. See, N.J. R.P.C. §7.2(c) and §7.3(d). Referral fees are only permitted for attorneys certified by the New Jersey Supreme Court Board in a specialty, and then only under certain conditions. N.J. Court R. 1:39-6(d). Neither Persels nor Warren & Vullings have no such certification.

If such a fee arrangement exists, then the Persels' Legal Services Agreement should disclose this fee arrangement to the Plaintiff. Such information is not privileged and must be produced.

### III. CONCLUSION

For the reasons set forth in this Memorandum of Law, Persels' Motion to Quash must be denied.

                                        Respectfully Submitted
                                        **MAURICE & NEEDLEMAN, P.C**

                                        /s/ *JOANN NEEDLEMAN*

                                        _____
                                        JOANN NEEDLEMAN (74276)
                                        935 One Penn Center
                                        1617 John F. Kennedy Blvd
                                        Philadelphia, PA 19103
                                        (215) 789-7151
                                        (215) 563-8970
                                        joann@mnlawpc.com
                                        Attorney for Defendant, M.R.S Associates Inc.

Dated:  March 21, 2011