# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

———————————————————

BRIAN OLIN,                              Civil No. 10-1380 (NLH/KMW)

        Plaintiff,

                           **OPINION**

    v.

M.R.S. ASSOCIATES, INC.,

        Defendant.

———————————————————

**APPEARANCES:**

Brent F. Vullings, Esquire
Vullings Law Group, LLC
3953 Ridge Park, Suite 102
Collegeville, Pennsylvania 19426

Bruce K. Warren, Esquire
Warren Law Group, P.C.
58 Euclid Street
Woodbury, New Jersey 08096
    *Attorneys for Plaintiff Brian Olin*

Joann Needleman, Esquire
Maurice & Needleman, P.C.
935 One Penn Center
1617 JFK Boulevard
Philadelphia, Pennsylvania 19103

Rachel Francesca Martin, Esquire
Maurice & Needleman, P.C.
5 Walter & Foran Boulevard, Suite 2007
Flemington, New Jersey 08822
    *Attorneys for Defendant*

**<u>HILLMAN, District Judge</u>**

    This matter comes before the Court on Plaintiff's motion

[Doc. No. 38] for attorney's fees and costs in an action based

upon Defendant's alleged violations of the Fair Debt Collection Practices Act.  Pursuant to 15 U.S.C. § 1692k(a)(3) of the Fair Debt Collection Practices Act, Plaintiff seeks $22,397.22 in counsel fees and $450.00 in costs for a total award in the amount of $22,847.92.  Defendant M.R.S. Associates, Inc., opposes Plaintiff's motion and requests that the Court deny the motion in its entirety, or alternatively, reduce the total award to $10,020, plus costs.  The Court has considered the parties' submissions, and decides this matter pursuant to Federal Rule of Civil Procedure 78.

For the reasons expressed below, Plaintiff's motion is denied without prejudice.

## I.   <u>JURISDICTION</u>

Plaintiff brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 <u>et seq.</u>  Accordingly, the Court exercises jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331.

## II.  <u>BACKGROUND</u>

Plaintiff filed the Complaint in this action on March 16, 2010, alleging multiple violations of the Fair Debt Collection Practices Act ("FDCPA").  (Compl. [Doc. No. 1] ¶¶ 21-23.)

According to the Complaint, Plaintiff initially retained the law firm of Persels & Associates, LLC to assist with the settlement of unsecured debt of Plaintiff and his wife. (Id. ¶ 7.) On or about December 8, 2009, Persels & Associates, LLC sent a "cease and desist" letter to Plaintiff's creditors, including Defendant, informing these creditors that Plaintiff was represented by counsel and that all future collection calls should be direct to counsel, not Plaintiff. (Id. ¶¶ 7-8.)

Despite sending the cease and desist letter, Plaintiff alleges that in early January, 2010, he began receiving calls from Defendant in regard to a debt allegedly owed to Capital One. (Id. ¶ 9.) Plaintiff further alleges that on or about January 11, 2010, his wife began receiving calls four to five times per day from Defendant at her place of employment in an attempt to collect Plaintiff's alleged debt. (Id. ¶¶ 13-14.) Based on Defendant's conduct, Plaintiff filed the complaint in this action and asserts that Defendant violated several provisions of the FDCPA, including, but not limited to: Section 1692b(2)-(6) regarding contacting a third party; Section 1692d regarding engaging in conduct which harasses, oppresses or abuses any person; and Section 1692d(5) regarding causing the phone to ring or engaging any person in telephone conversations

repeatedly.  (Id. ¶ 23.)

This case was referred to arbitration pursuant to Local Civil Rule 201.1(d)(1), and on December 14, 2012, judgment was entered in favor of Plaintiff in the sum of $1,000, pursuant to the November 8, 2012 Arbitration Award.  (Judgment [Doc. No. 37] 1; Arbitration Award [Doc. No. 37-1] 3.)  The Arbitrator did not reach any decision on the matter of attorney's fees.  (Id.) Subsequently, Plaintiff filed the present motion seeking attorney's fees and costs, including fees incurred in drafting the instant motion.  (Pl.'s Mot. for an Award of Costs and Attorney Fees [Doc. No. 38] (hereinafter, "Pl.'s Mot.") 1-2.)

## III. DISCUSSION

Under the FDCPA, a debt collector who fails to comply with any provision of the Act with respect to an individual plaintiff is liable for any actual damages sustained, statutory damages as determined by the Court, not to exceed $1,000.00, and reasonable attorney's fees.  15 U.S.C. §§ 1692k(a)(1)-(3).  Specifically, Section 1692k(a)(3) allows a prevailing plaintiff to recover "the costs of the action, together with a reasonable attorney's fee as determined by the court."  Graziano v. Harrison, 950 F.2d 107, 113 (3d Cir. 1991).  As the Third Circuit has recognized,

absent unusual circumstances, an award of attorney's fees to a prevailing party in an FDCPA action "should not be construed as a special or discretionary remedy." Graziano, 950 F.2d at 113 (acknowledging that the FDCPA "mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general").

However, Section 1692k(a)(3) specifically requires that attorney's fees under the FDCPA be reasonable. 15 U.S.C. § 1692k(a)(3). Generally, "a reasonable fee is one which is adequate to attract competent counsel, but which do[es] not produce windfalls to attorneys." Pub. Interest Research Group of New Jersey, Inc. v. Windall, 51 F.3d 1179, 1185 (3d Cir. 1995) (internal quotations and citation omitted). In order to determine what constitutes a reasonable attorney's fee under the FDCPA, the Court must employ the well-recognized "lodestar" method applicable under other fee-shifting statutes which entails multiplying the total number of hours reasonably expended by a reasonable hourly rate. See Graziano, 950 F.2d at 114 (concluding that a reasonable fee under the FDCPA is determined in accordance with Supreme Court precedent by computing the lodestar) (citing Hensley, 461 U.S. at 433); see

also <u>Norton v. Wilshire Credit Corp.</u>, 36 F. Supp. 2d 216, 218–19 (D.N.J. 1999) (applying the lodestar method to calculate reasonable attorney's fee award under Section 1692k(a)(3) of the FDCPA).

It is the "party seeking attorney fees [that] bears the ultimate burden of showing that its requested hourly rates and the hours it claims are reasonable." <u>Interfaith Cmty. Org. v. Honeywell Int'l, Inc.</u>, 426 F.3d 694, 703 n.5 (3d Cir. 2005) (citation omitted). In order to meet this burden, the party seeking fees is initially required to submit evidence supporting the hours worked and the rates claimed. <u>Id.</u> To the extent the opposing party seeks to challenge the fees sought, "the opposing party must ... object 'with sufficient specificity' to the request." <u>Id.</u> Where the opposing party raises objections, "the party requesting fees must demonstrate to the satisfaction of the court that its fee request is reasonable." <u>Id.</u>

Additionally, although the lodestar is presumed to yield a reasonable fee, district courts retain discretion to adjust the lodestar. <u>Rode v. Dellarciprete</u>, 892 F.2d 1177, 1183 (3d Cir. 1990). Adjustments to the lodestar may be made based on a variety of factors, including, but not limited to: the time and labor required; the novelty and difficulty of the legal issue;

the skill required to perform the legal service properly; the customary fee in the community for similar work; the amount involved and results obtained; the experience, reputation and ability of the attorneys; the nature and length of the attorney-client relationship; and fee awards in similar cases. Pub. Interest Research Group, 51 F.3d at 1185 n.8 (citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)).

## IV.  ANALYSIS

In opposing Plaintiff's motion, Defendant requests that the Court deny the motion in its entirety, or alternatively, reduce the total award because: (1) Plaintiff's motion is untimely; (2) Plaintiff's requested hourly rates are unsupported and unreasonable; and (2) Plaintiff's motion did not comply with the requirements of the Local Rules in this District as to the contents of the supporting affidavits.  The Court addresses each of these arguments below.

### A.   Timeliness of Plaintiff's Motion

Defendant argues that Plaintiff's motion, filed 85 days after the judgment was entered, violates Federal Rules of Civil Procedure 54(d)(2)(B)(i), 54(d)(2)(B)(ii),[1] and 6(b)(1)(B), and

---

[1]    Federal Rule 54(d)(2)(B)(ii) requires that a motion for

should therefore be stricken or dismissed.  (Def.'s Mem. of Law

in Opp'n [Doc. No. 39], (hereinafter, "Def.'s Mem.") 8-10.)

Federal Rule of Civil Procedure 54(d)(2)(B) sets forth the

deadline for filing motions for attorney's fees and requires

such motions to "be filed no later than 14 days after the entry

of judgment" unless a court order or statute provides otherwise.

FED. R. CIV. P. 54(d)(2)(B)(i).  Local Civil Rule 54.2[2] "extends

_____

attorney's fees must "specify the judgment and the statute, rule
or other grounds entitling the movant to the award."  To the
extent Defendant argues that Plaintiff "fail[ed] to specify or
reference any judgment in [the] Fee Petition which would provide
grounds for seeking such an award" and thus violated the Rule,
the Court disagrees. (See Def.'s Mem. 9.)  Plaintiff clearly
stated the grounds entitling him to a fee award.
    As an initial matter, Plaintiff expressly stated that he
was seeking fees under the FDCPA.  (See Pl.'s Mot. 1-3)
(specifically referencing the FDCPA's provision of attorney's
fees).  Additionally, while Plaintiff does not expressly refer
to the December 14, 2012 Judgment entered in his favor,
Plaintiff identifies in his moving papers that he is being
awarded statutory damages in the amount of $1,000.00 and has
received the maximum amount recoverable under the FDCPA.  (Id.
at 3, 6.)  In this particular case, the Court deems the
identification of Plaintiff's $1,000 statutory recovery obtained
through the Arbitration Award – upon which Judgment was entered
– sufficient to comply with this Rule.  While the prudent course
of action would have been to explicitly reference the December
14, 2012 Judgment, the Court declines to find a violation of
Rule 54(d)(2)(B)(ii) in this case.

[2]    At the time the instant motion was filed, Local Rule
54.2(a) provided, in pertinent part, that "[i]n all actions in
which a counsel fee is allowed by the Court or permitted by
statute, an attorney seeking compensation for services or
reimbursement of necessary expenses shall file with the Court an
affidavit within 30 days of the entry of judgment or order[.]"
    Local Rule 54.2(a) was amended as of June 19, 2013, and now

the time within which to file [a motion] for fees from fourteen days to thirty as a standing order of the district court." United Auto. Workers Local 259 Social Sec. Dept. v. Metro Auto Center, 501 F.3d 283, 286 (3d Cir. 2007) (citing Planned Parenthood of Cent. N.J. v. Att'y Gen. of N.J., 297 F.3d 253, 261 (3d Cir. 2002)).

To the extent parties need additional time to file a motion for attorney's fees beyond the initial thirty day limit set forth in Local Rule 54.2, Federal Rule of Civil Procedure 6(b)(1) permits the Court to extend the time for the filing of motion papers "for good cause." FED. R. CIV. P. 6(b)(1).[3] The Court may grant such an extension with or without notice if the Court acts, or a request is made, before the time for filing expires. Id. Where the time for filing has expired, the Court may still extend time if the request is made by motion and where "the party failed to act because of excusable neglect." Id.

---

provides that "[i]n all actions in which a counsel fee is allowed by the Court or permitted by statute, an attorney seeking compensation for services or reimbursement of necessary expenses shall file within 30 days of the entry of judgment or order, unless extended by the Court, a motion for fees and expenses in accordance with L. Civ. R. 7.1. The motion shall include any affidavits or other documents ...".

[3]     Local Rule 54.2(a) also expressly provides that the Court may extend the time for filing beyond the initial thirty day period.

Failure to comply with the timeliness requirements of Local Civil Rule 54.2(a) may result in the denial of a motion for attorney's fees and costs.  See e.g., Nat'l Amusements, Inc. v. Borough of Palmyra, No. 08-2469, 2010 WL 3199880, at *1, 4 (D.N.J. Aug. 12, 2010) (Bumb, J.) (denying motion for attorney's fees in the amount of $213,895.36 after one-year delay in filing); Oberti v. Bd. of Educ., No. 91-2818, 1995 WL 428635, at *4 (D.N.J. July 17, 1995) (Irenas, J.), aff'd 101 F.3d 691 (3d. Cir. 1996).  In Oberti, a fee petition under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400-85, was deemed untimely where it was filed two years after a judgment in favor of plaintiff was entered.  Id.  Judge Irenas denied the motion for fees and concluded in Oberti that "[r]elaxation of our thirty day time limit to permit the plaintiffs two years of additional time would stretch the bounds of our discretion and render the time limit, and the important ends it serves, meaningless."  Id. at *4.

While these deadlines serve an important purpose, "the fourteen day filing requirement imposed by Rule 54(d)(2)(B) [and the thirty day deadline under Local Rule 54.2] [are] not jurisdictional."  Sokoloff v. Gen. Nutrition Cos., No. 00-641, 2001 WL 536072, at *3 (D.N.J. May 21, 2001) (citing Mints v. Educ. Testing Serv., 99 F.3d 1253, 1260 (3d Cir. 1996)).

Accordingly, district courts may exercise their discretion to consider untimely motions for attorney's fees where, for example, the opposing party is not prejudiced by the delay, the opposing party had ample notice that the moving party would seek attorney's fees, and relaxation of the timeliness rule does not undermine its purpose: "to resolve fees disputes shortly after trial, while the services performed are freshly in mind." Sokoloff, 2001 WL 536072, at *3.

In this case, Judgment was entered on December 14, 2012. Defendant thus contends that Plaintiff had fourteen days, or until December 28, 2012, to file the instant motion for attorney's fees pursuant to Federal Rule 54(d)(2)(B)(i).[4] (Def.'s Mem. 8.) Defendant further asserts that Plaintiff had thirty days, or until January 13, 2013,[5] to file the present motion for attorney's fees under Local Civil Rule 54.2(a). (Id.) Accordingly, Defendant argues that Plaintiff's motion,

---

[4] As the Court previously noted, however, pursuant to Local Civil Rule 54.2(a), Plaintiff had thirty days to file the motion. See Metro Auto Center, 501 F.3d at 286.

[5] The Court takes judicial notice that January 13, 2013 was a Sunday. Pursuant to Federal Rule of Civil Procedure 6(a)(1)(C), where the last day of any time period specified in the Rules falls on a Sunday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. Accordingly, the thirty day time period for filing under Local Civil Rule 54.2(a) expired on January 14, 2013.

filed on April 8, 2013 – 115 days after judgment was entered,
and 84 days beyond the January 14, 2013 deadline[6] – is untimely
and must be denied as a matter of law. (Id. at 9.) Defendant
also points out that Plaintiff not only failed to request an
extension of time prior to the expiration of the filing
deadline, but also failed to file a motion for an extension of
time demonstrating excusable neglect for the delay at any point
after time had expired. (Id. at 9-10 (citing FED. R. CIV. P.
6(b)(1)).)

In response, Plaintiff notes that Federal Rule 54(d)(2)(B)
sets the filing deadline for a motion for attorney's fees at
fourteen days "[u]nless a statute or court order provides
otherwise[.]" (Pl.'s Reply [Doc. No. 40] 2.) Plaintiff thus
attempts to argue that the instant motion is timely because the
FDCPA does not set forth a time limitation for making fee
requests, especially when considered in light of the mandatory
nature of an award of attorney's fees in FDCPA cases. (Id. at
2, 4 (citing Graziano).) Additionally, Plaintiff asserts the
following reasons for the delay in filing the present motion: 1)
the case was marked as "closed" on the docket after the December

--------

[6]    For consistency, the Court refers to the motion as being
filed 84 days beyond the January 14, 2013 deadline, rather than
85 days beyond the January 13, 2013 deadline, given that January
13, 2013 was not the actual deadline for Plaintiff's motion.

14, 2012 Judgment was entered even though the fee petition had not been filed; and 2) Plaintiff was attempting to negotiate the issue of attorney's fees with Defendant – attempts that were ultimately not successful.  (Id. at 2-4.)

Section 1692k(a)(3) allows a prevailing plaintiff to recover "the costs of the action, together with a reasonable attorney's fee as determined by the court."  15 U.S.C.A. § 1692k(a)(3); Graziano, 950 F.2d at 113.  "'[P]laintiffs may be considered "prevailing parties" for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'"  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (citation omitted).  Courts in this District have "adopted the Hensley definition of 'prevailing party' in assessing FDCPA claims."  Conklin v. Pressler & Pressler LLP, No. 10-3566, 2012 WL 569384, at *2 (D.N.J. Feb. 21, 2012) (citing Norton, 36 F. Supp. 2d at 218–19).

There appears to be no dispute here that Plaintiff is the prevailing party in this case.  However, "[b]efore a litigant may be eligible to recover fees as a 'prevailing party,' ... it must comply with the Court's procedural rules to obtain a fee award."  Nat'l Amusements, 2010 WL 3199880, at *4 (citing Quick v. Peoples Bank of Cullman County, 993 F.2d 793, 799 (11th Cir.

13

1993)); *see also* Am. Bd. of Internal Med. v. Von Muller, Nos. 12-3135, 12-3781, 2013 WL 4852293, at *3 (3d Cir. Sept. 12, 2013) (observing that "[e]ven prevailing parties are not automatically entitled to attorneys' fees, ... as whether to grant a fee request is a discretionary decision left to the district courts."). While Plaintiff may have achieved success on a significant issue in this litigation, Plaintiff has not complied with the Court's procedural rules for obtaining an award of attorney's fees. Plaintiff's motion for attorney's fees is clearly untimely here under both the fourteen day limit of Federal Rule 54(d)(2)(B)(i)[7] and the thirty day limit of Local

---

[7]    In his reply, Plaintiff argues that the fourteen day time limit imposed by Federal Rule 54(d)(2)(B)(i) is not applicable here because "[t]he FDCPA does not [impose] a time limitation to request fees." (Pl.'s Reply [Doc. No. 40] 2.) The Court rejects this argument for several reasons. Initially, Plaintiff fails to cite a single case in support of this assertion, and the Court's independent review has revealed none. Moreover, it is clear from the Court's review that district courts throughout the country have consistently found that motions for attorney's fees under the FDCPA are in fact subject to the fourteen day deadline set forth in Federal Rule 54(d)(2)(B)(i). See, e.g., Henchen v. Renovo Services, LLC, No. 11–CV–6073P, 2013 WL 1152040, at *2 n.1 (W.D.N.Y. Mar. 19, 2013) (recognizing that a motion for attorney's fees pursuant to the FDCPA was "technically untimely" because it was not filed within fourteen days of the entry of judgment under Federal Rule 54(d)(2)(B)(i)); Schuhle v. Law Office of Richard Clark, LLC, No. 03:11–CV–986–HZ, 2012 WL 75022, at *1 (D. Or. Jan. 9, 2012) (denying motion for attorney's fees under the FDCPA where plaintiff's motion was filed forty-five days after the fourteen day deadline imposed by Federal Rule 54(d)); Sweet v. Corporate Receivables, Inc., No. 05-CV-0779, 2008 WL 2953572, at *1 (E.D.

Civil Rule 54.2(a). The motion was filed approximately 115 days
after judgment was entered – 84 days beyond the deadline imposed
by the Local Rules – a time period of just under three months.
Accordingly, the only question that remains on the timeliness
challenge is whether the Court should exercise its discretion
and consider Plaintiff's motion for attorney's fees despite its
untimely nature.

In making this determination, the Court bears in mind that
"the structure of [Section 1692k(a) indicates that] attorney's
fees should not be construed as a special or discretionary
remedy" because "the Act mandates an award of attorney's fees as
a means of fulfilling Congress's intent that the Act should be
enforced by debtors acting as private attorneys general."
Graziano, 950 F.2d at 113; see also Bilazzo v. Portfolio
Recovery Associates, LLC, 876 F. Supp. 2d 452, 457 (D.N.J. 2012)
(accord). The Court also notes that where motions for
attorney's fees have been denied as untimely in this District,
the delay has been quite substantial - from one, to even two,
years late. See Nat'l Amusements, 2010 WL 3199880, at *4 (one-
year delay in filing); Oberti, 1995 WL 428635, at *4 (two-year

---

Wis. July 29, 2008) (noting that a motion for attorney's fees
and costs should have been filed fourteen days after entry of a
stipulated judgment pursuant to Rule 54(d)(2)(B)).

delay).

Defendant is correct that Plaintiff could have sought, but never did, an extension of the deadline to file the motion for attorney's fees under both the Federal and Local Rules. Plaintiff offers no explanation for this failure to seek additional time at any point prior to filing the motion. However, while Plaintiff previously failed to file a motion for an extension of time pursuant to Federal Rule of Civil Procedure 6(b)(1) on the basis of excusable neglect, the Court construes Plaintiff's reply brief to make such a request at this time and will consider it now.  See Sokoloff, 2001 WL 536072, at *3 n.7 (construing reply brief to seek extension of time under Federal Rule 6(b) where no formal motion was originally made).

The "excusable neglect standard" is "an equitable one, taking account of all relevant circumstances surrounding a party's omission."  Pioneer Inv. Servs. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380, 395 (1993); see also Sokoloff, 2001 WL 536072, at *4 (explaining that the excusable neglect standard "necessitates considering a situation's totality.").  The "[r]elevant factors to be considered are: (1) the danger of prejudice to the non-movant; (2) the length of the delay; (3) the reason for the delay; (4) whether the movant acted in good faith and (5) whether the inadvertence was a result of ignorance

16

of the rules of procedure." <u>Sokoloff</u>, 2001 WL 536072, at \*4 (citation omitted).

On the issue of potential prejudice to the non-moving party, the Court finds Defendant has not suffered any prejudice as a result of this delay. The October 23, 2012 Arbitration Award clearly indicates that Plaintiff was seeking an award of attorney's fees in this case. The arbitrator noted in the Award itself that "[c]ounsel for Plaintiff submitted a time sheet representing the number of hours spent in the litigation and multiplied by his hourly rate."[8] (Arbitration Award [Doc. No. 37-1] 3.) Thus, Defendant was aware, at least as early as October 23, 2012, that Plaintiff would be seeking attorney's fees here. Moreover, even after Plaintiff missed the January 14, 2013 deadline for filing the present motion, Plaintiff's counsel sent an email to Defendant's counsel on January 25, 2013 informing her that the fee petition was being prepared for filing and inquiring whether Defendant would be interested in making a settlement offer on the issue of fees and costs. (Ex. B to Def.'s Mem. [Doc. No. 39-2] 1.) Accordingly, Defendant was again put on notice as of January 25, 2013 that Plaintiff was

---

[8]    The arbitrator concluded that because no testimony was taken on the issue of attorney's fees, no decision was reached on that issue. (Arbitration Award [Doc. No. 37-1] 3.)

still seeking attorney's fees in this matter.

As to the purported reasons for the delay, Plaintiff's counsel appears to contend that the delay resulted because the Clerk of Court marked this matter as "closed" on the docket after the Judgment was entered. (Supp. Decl. of Brent Vullings [Doc. No. 40-2] ¶¶ 2-4.) Plaintiff's counsel further asserts that this delay was also the result of failed attempts to negotiate the issue of attorney's fees and costs with the Defendant, which then necessitated the filing of the motion. (Id. ¶ 5.) Neither of these purported reasons adequately explains why the motion was not filed by January 14, 2013, nor why Plaintiff's counsel failed to seek an extension of time at any point prior to filing the motion.

As a matter of procedure, once a Judgment is entered in a civil case, the Clerk of Court terminates the case and closes the Court file. It does not preclude the filing of additional motions for the Court's resolution after Judgment is entered. Further, even assuming that the parties were actively negotiating[9] a settlement of attorney's fees and costs in this matter, that does not render filing deadlines meaningless and

---

[9] The record here suggests that the parties' purported settlement negotiations consisted of only the January 25, 2013 email to Defendant's counsel inquiring whether Defendant wanted to make an offer on the issue of fees.

cannot excuse Plaintiff's failure to file a timely motion. Cf. Gear v. Constantinescu, 741 F. Supp. 525, 526 (D.N.J. 1990) (denying motion to dismiss for lack of personal jurisdiction as untimely where it was filed over two months beyond court imposed deadline and noting that "[o]ngoing settlement negotiations ... do not give cause to ignore the court's" deadlines, particularly where a request for an extension of time would have preserved the party's right to file).

As to the issue of good faith, the record indicates that Plaintiff's motion for attorney's fees was made in good faith after the arbitrator declined to resolve the fee issue as part of the arbitration award and where the parties were unable to agree on the amount of attorney's fees to be awarded. With respect to the issue of whether the late filing was a result of ignorance of the rules of procedure, there is also no indication that Plaintiff's failure to file the motion on a timely basis was the result of ignorance of the filing deadlines imposed by the Local Rules. Rather, it appears that the untimely motion was the result of Plaintiff's mistaken belief that the FDCPA permits the filing of a motion for attorney's fees at any time because of the mandatory nature of fee awards in FDCPA cases. While the Court does not find this argument meritorious, it provides sufficient evidence that ignorance of the rules did not

cause the filing delay here.

The final factor the Court must consider under the excusable neglect standard is the length of the delay.  Here, Plaintiff's motion is indisputably 84 days late – a delay of approximately three (3) months beyond the filing deadline and not insignificant.  Although we set no arbitrary date for an automatic denial of the motion nor any presumptive period of excusable delay, we note that he length of this delay is not as significant as the delays in Oberti (two years) or Nat'l Amusements (one year).  Thus, taking all these considerations into account, the Court will allow Plaintiff's motion to proceed at this point despite its untimely nature.

The Court's willingness to consider Plaintiff's motion despite the three month filing delay, however, should not be construed to mean that there are no consequences as a result of this delay.  Plaintiff's delay is fairly substantial especially when the Court considers: (1) that "[c]ounsel for Plaintiff submitted a time sheet representing the number of hours spent in the litigation and multiplied by his hourly rate" to the arbitrator at the October 4, 2012 arbitration – a full six months before the present motion was filed; and (2) the overall quality of the motion itself.

To the extent Plaintiff's counsel submitted a time sheet to

the arbitrator on October 4, 2012 setting forth the hours expended in this matter multiplied by an hourly rate, it appears to the Court that Plaintiff's counsel had already completed at least some, if not all, of the preparation relevant to the present motion well in advance of October 4, 2012 arbitration itself, let alone the January 14, 2013 deadline for filing the present motion.[10]  Moreover, once the arbitration award was filed on November 8, 2013, Plaintiff's counsel was aware that his client was the prevailing party and that a motion for attorney's fees would be appropriate under the Act.  Plaintiff's counsel could have sought to settle the issue of attorney's fees or to prepare the motion at that time while waiting to see if Defendant would make a demand for trial de novo within thirty days of the filing of the arbitration award.  See Local Civil R. 201.1(h)(1).

Even though Plaintiff is a prevailing party, he is not "automatically entitled to attorneys' fees" and this Court has discretion to decide whether to award the requested fees here. See Von Muller, 2013 WL 4852293, at *3.  Further, the Court may exercise that discretion in a manner designed to ensure that all prevailing parties and counsel are aware of, and comply with,

---

[10] Indeed, we assume that attorneys adopt the better practice of maintaining contemporaneous time records.

the Local Civil Rules in this District.  In doing so, the Court

notes that the delay in filing the present motion was not merely

a couple of days, a week, or even two.  Rather, Plaintiff's

delay was nearly three months.  This delay was sizable and

unwarranted given the overall quality of the motion[11] and the

availability of the relevant materials months earlier.

  While the delay in this case may not be sufficient to

---

[11]  The manner in which the motion was prepared raises certain
concerns.  A review of the motion suggests that counsel simply
utilized a form motion that can be filed in any district court
in the country where Plaintiff's counsel might seek fees under
the FDCPA.  While we recognize the demands of a busy practice
and realize certain form pleadings may reduce costs they should
be used with caution and prepared with care.
  For example, on the third page of Plaintiff's memorandum,
it reads verbatim "Plaintiff [name] was the prevailing party in
this litigation."  (Pl.'s Mem. 3.)  The use of brackets and the
italicized word "name" indicates to the Court that counsel used
a form memorandum and failed to proofread it.  Even more
glaring, on page six of the memorandum, it reads as follows:
"Thus, the total lodestar calculation for the award of attorney
fees to the plaintiff in this matter totals [number] and costs
of [number]."  (Id. at 6.)  This omission is particularly
perplexing given that the entire purpose of the motion is to
seek a total numerical amount of fees and costs.
  Additionally, although Plaintiff's counsel cites three
cases decided by the Third Circuit Court of Appeals there are
not citations to any court within this District, the relevant
venue for computing the lodestar.  Rather, the memorandum relies
almost exclusively on non-binding authority from nearly every
other Circuit Court in the country and several other district
courts.  This suggests Plaintiff's counsel prepared this
memorandum at some other point in time and failed to tailor it
to this case.  Whatever the cause of the three month filing
delay may have been, it does not appear the time was taken up in
the preparation of the present motion.

warrant the outright denial of Plaintiff's motion for fees as in
Nat'l Amusements or Oberti, it is sufficient enough to warrant
the imposition of a percentage based reduction off of the total
award of attorney's fees after the lodestar is calculated.[12]
Given that a motion for attorney's fees may be denied in its
entirety where the motion is filed twelve months late, see
National Amusements, that equates to a reduction in fees of
eight and one-third percent ($8\frac{1}{3}\%$) for each month that the motion
is delayed.  In this case, Plaintiff's motion was approximately
three months late.  Accordingly, the Court will impose a twenty-
five percent (25%) reduction in fees after the final calculation
of the lodestar.

There is one additional consequence that must result due to
the untimely motion filed by Plaintiff's counsel.  Attached to
Plaintiff's reply brief is a Supplemental Declaration which
seeks attorney's fees for six hours of work expended preparing
Plaintiff's initial motion for fees and Plaintiff's reply
papers.  (Supp. Decl. of Bruce K. Warren [Doc. No. 40-1] ¶¶ 7-
9.)  As a general matter, attorneys may recover fees for time

---

[12]    The Third Circuit has instructed that "blanket percentage
reductions should not be ordered in a perfunctory fashion, ...
[but] are permissible so long as the court 'provide[s] a concise
[and] clear explanation of its reasons for the fee award[.]"
Von Muller, 2013 WL 4852293, at *4 (citing Hensley, 461 U.S. at
437; Daggett v. Kimmelman, 811 F.2d 793, 797 (3d Cir. 1987)).

expended to prepare the fee petition in a FDCPA case provided
that the time requested is not excessive. <u>Levy</u>, 2011 WL
5117855, *7. Proposed recovery for time spent litigating a fee
petition must be analyzed independently. <u>Institutionalized
Juveniles v. Sec'y of Pub. Welfare</u>, 758 F.2d 897, 924 (3d Cir.
1985); <u>Rode v. Dellarciprete</u>, 892 F.2d 1177, 1192 (3d Cir. 1990)
("[f]ee petition litigation should be treated as a separate
entity subject to lodestar and <u>Hensley</u> reduction analysis")
(internal quotations omitted).

In this case, the Court will not require Defendant to pay
attorney's fees incurred by Plaintiff's counsel to draft the
moving and reply papers relevant to the present motion where
these papers were submitted to the Court in such an untimely
manner and in such perfunctory form, as set forth more fully
<u>supra</u>.

**B.    Breakdown of the Fee Award Sought by Plaintiff**

Plaintiff's motion seeks an award of attorney's fees and
costs totaling $22,847.92.  (Pl.'s Mot. 1)  Plaintiff is
requesting fees for work completed by two attorneys, Brent F.
Vullings, Esquire, and Bruce K. Warren, Esquire.  With respect
to Mr. Vullings, Plaintiff seeks fees in the amount of
$15,899.00 for 48.92 hours of work billed at a rate of $325.00
per hour.  (Decl. Brent Vullings, Esq. [Doc. No. 38-2] ¶¶ 6-10.)

24

As to Mr. Warren, Plaintiff seeks fees in the amount of $6,500.00 for 20 hours of work billed at a rate of $325.00 per hour.  (Decl. Bruce K. Warren, Esq. [Doc. No. 38-2], 2.) Defendant raises several objections to the motion, beyond its untimeliness, which are addressed below.

### C.  Reasonable Hourly Rates

As set forth supra, in order to calculate the lodestar for this motion, the Court must multiply a reasonable hourly rate by the number of hours Plaintiff's counsel reasonably expended on this matter.  Defendant objects to both the hourly rates sought by Plaintiff's counsel and the total hours expended by counsel. With respect to hourly rates, Defendant challenges the hourly rate of $325.00 for work completed by both Mr. Vullings and Mr. Warren as unreasonable and unsupported in this case.  (Def.'s Mem. 13.)  The relevant inquiry in evaluating the reasonableness of an attorney's hourly rates is the prevailing rate for comparable legal services in the forum of litigation.  See Interfaith Cmty. Org., 426 F.3d at 705.

Plaintiff, as the party seeking a fee award, bears the burden "of producing sufficient evidence of what constitutes a reasonable market rate for the essential character and complexity of the legal services rendered in order to make out a prima facie case."  Smith v. Philadelphia Hous. Auth., 107 F.3d

25

223, 225 (3d Cir. 1997). Plaintiff has not produced any evidence regarding a reasonable market rate supporting an hourly rate of $325.00 per hour, nor has Plaintiff responded specifically to the objection raised by Defendant regarding the hourly rates sought. Defendant urges the Court to adopt the Community Legal Services of Philadelphia Fee Schedule, and to reduce the hourly rate accordingly for Plaintiff's counsel – to $240.00 per hour for Mr. Vullings and to $255.00 per hour for Mr. Warren. (Def.'s Mem. 14-15.)

To determine what constitutes a reasonable hourly rate in FDCPA cases, courts in this District have consistently relied upon the Community Legal Services of Philadelphia Fee Schedule as suggested by Defendant here, and the Court will do so here as well. See, e.g., Bilazzo v. Portfolio Recovery Assocs., LLC, 876 F. Supp. 2d 452, 470 (D.N.J. 2012) (noting that "the CLS fee schedule has been cited with approval by the Third Circuit and includes hourly rates comparable to the fee schedules used to calculate attorney's fees in other FDCPA cases in this district") (internal citations omitted); Levy v. Global Credit and Collection Corp., No. 10-4229, 2011 WL 5117855, at *4 (D.N.J. Oct. 27, 2011) (explaining that the "rates quoted in the CLS index are comparable to the fee schedules used to calculate attorney's fees in other FDCPA cases in this district.")

26

Here, Plaintiff's attorneys each seek fees at an hourly rate of $325.00 for their services. (Pl.'s Mot. 2.) At the time the litigation began in March, 2010, Mr. Vullings had six years (6) of experience and Mr. Warren had eight (8) years of experience.[13] Now, three years later, Mr. Vullings has nine (9) years of experience and Mr. Warren has eleven (11) years of experience.[14] Thus, during the relevant time period, Mr. Vullings had between six (6) and nine (9) years of experience, and Mr. Warren had between eight (8) and eleven (11) years of experience. Under the CLS fee schedule, attorneys with 6-10 years of experience are paid between $225-255 per hour, while attorneys with 11-15 years of experience are paid between $260-335 per hour. Therefore, in accordance with the CLS fee schedule, Mr. Vullings' hourly rate will be reduced to $250 given his total years of experience, and Mr. Warren's hourly rate will be reduced to $260 given his total years of experience. These rates are similar to, or better than, the hourly rates approved of by other district courts in FDCPA cases

---

[13]   Mr. Vullings states that he was admitted to the New Jersey and Pennsylvania bars in 2004. (Decl. Brent Vullings, ¶ 1.) Mr. Warren states that he was admitted to the New Jersey and Pennsylvania bars in 2002. (Decl. Bruce K. Warren, ¶ 1.)

[14]   Mr. Warren appears just to have hit the eleven year threshold at the close of this litigation.

where Mr. Vullings and Mr. Warren have been awarded fees.  See, e.g., O'Quinn v. Recovery Partners, LLC, No. 1:10-cv-2361, 2011 WL 2976288, at *5-6 (M.D. Pa. June 27, 2011) (reducing Mr. Vullings' hourly rate from $325 to $250); Ward v. Lombardo, Davis & Goldman, LLC, No. 11-cv-114A, 2011 WL 2600642, at *3 (W.D.N.Y. June 29, 2011) (reducing Mr. Warren's rate from $325 to $215 per hour).

### D. Reasonable Hours Expended

As noted supra, Defendant also objects to the number of hours Plaintiff's counsel expended in this matter.  In fashioning an award of attorney's fees, the "prevailing party is not automatically entitled to compensation for all the time its attorneys spent working on the case[.]"  Interfaith Cmty. Org., 426 F.3d at 711.  "Hours that would not generally be billed to one's own client are not properly billed to an adversary."  Pub. Interest Research Group, 51 F.3d at 1188.  As a result, the Court must determine "whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant, or otherwise unnecessary."  Interfaith Cmty. Org., 426 F.3d at 711 (internal quotations and citation omitted).  In conducting a "thorough and searching analysis" of such charges, the Court cannot reduce an award sua sponte but "only in response to specific objections

28

made by the opposing party."  Id.

Here, Defendant objects to nine entries in Plaintiff's
affidavit as unreasonable and unnecessary, sixteen entries as
administrative, eighteen entries as duplicative, and three
entries as related to travel.  (Def.'s Mem. 17-22).

### 1.   Unreasonable and Unnecessary Entries

Initially, the Court will address the nine unreasonable and
unnecessary entries objected to by Defendant.  Defendant argues
that the following entries are unreasonable and unnecessary and
proposes the corresponding reductions in time:

|   | Date | Billing Description & Hours Billed | Defendant's Objection | Proposed Reduction |
|---|------|------------------------------------|------------------------|--------------------|
| A | 3/15/2010 | Draft complaint; summons and cover sheet for filing (3.1 hours) | Unreasonable in light of nature of case and experience of attorneys; contains no novel, unique or specialized allegations; is virtually identical to complaint in Sullivan v. MRS, Civ. Action No. 1:10-00028 | 2.1 hours |
| B | 5/7/2010 | Review file, review answer to complaint, contact client's former counsel to discuss answer and C&D letter; meeting with BKW re case strategy (1.1 hours) | Unnecessary and unreasonable to seek fees for Plaintiff's counsels' discussions of the relevant pleadings and strategy with a third party that maintained separate legal representation and never represented Plaintiff in this action | 0.4 hours |
| C | 7/2/2010 | Prepare discovery for Defendant (3.90 hours) | Amount of time billed is unreasonable because entry lacks further detail for the Court to assess reasonableness; unknown whether this included drafting discovery to propound on Defendant or drafting | 1.9 hours |

| | | | | |
|---|---|---|---|---|
| | | | responses to Defendant's discovery; also unclear whether this was propounded or replied to vs. drafted and unused | |
| D | 8/23/2010 | Review of file; consult with client, prepare discovery responses<br>(4.20 hours) | Unreasonable in light of the responses Plaintiff actually propounded on Defendant; cover letter indicates Plaintiff's counsel mailed the requests to Plaintiff & instructed Plaintiff to complete and return the responses; Plaintiff's handwritten answer indicate he, not his counsel, completed same | 3.5 hours |
| E | 9/30/2010 | Prepare response to Defendants Requests for Admissions, consulted with client, emails to defense counsel<br>(2.4 hours) | Unreasonable in light of response provided by Plaintiff – a two-page document containing a brief objection and brief responses to four requests | 1.7 hours |
| F | 1/7/2011 | Review of Motion to Compel filed by Defendant, Review Memorandum in Support, contact client to discuss, strategy meeting with law clerk and BKW<br>(1.3 hours) | Regarding "meeting with a law clerk": the law clerk is not identified in the fee petition, or declarations in support thereof; there is no indication of the person's experience, knowledge, or expertise | 0.3 hours |
| G | 2/7/2012 | Review of plaintiff's former counsel's motion to seal document and motion to quash, make recommendations, emails to counsel representing plaintiff's former counsel, update for client<br>(2.1 hours) | Similarly to Item B, Plaintiff's former counsel never represented Plaintiff in the present suit; they were a third party that maintained separate legal representation, making it unnecessary for Plaintiff's counsel to review the third party's motion and make recommendations on it | 1.9 hours |
| H | 6/13/2011 | Review of file, review of redacted motion to seal documents, made recommendations, contact with counsel for Plaintiff's former counsel<br>(1.2 hours) | Similarly to Items B and G, time billed is unnecessary because Plaintiff's counsel was reviewing a motion and making recommendations on a represented third party's documents | 1.2 hours |
| I | 9/24/2012 | Prepare letter and arbitration exhibits to arbitrator, provide notes and documents to client regarding arbitration<br>(1.42 hours) | Unreasonable in light of what was sent to the arbitrator which contains one exhibit and a copy of a one-page letter addressed to Plaintiff and allegedly sent by Defendant | 1.22 hours |

The Court agrees that many of these entries are unreasonable in length and will reduce them accordingly. <u>See Interfaith Cmty. Org.</u>, 426 F.3d at 711. Item A is unreasonable because Plaintiff submitted a six-page, one-count complaint wherein Plaintiff alleges no novel or unique issues. (<u>See generally</u> Compl.) Moreover, the Court has reviewed the complaint filed in this action and compared it to the complaint filed over two months earlier in <u>Sullivan v. M.R.S. Associates, Inc.</u>, Civ. Action No. 1:10-cv-00028-NLH-KMW. The two complaints are virtually identical with variations only as to the relevant facts of each Plaintiff's case. This suggests to the Court that Plaintiff's counsel utilized a form complaint, drafted at some point prior to this litigation, and simply inserted the relevant information into the form complaint prior to filing this action. Defendant has requested that this entry be reduced by 2.1 hours, but the Court will deduct only 1.0 hour from Plaintiff's 3.1 hour time entry.

As to Item B, Plaintiff seeks attorney's fees for discussions and consultations Plaintiff's counsel had with Persels & Associates, LLC – Plaintiff's former counsel. Defendant contends that it is unreasonable to bill Defendant for this time, but offers no case law which supports the notion that such time is not compensable. Here, Plaintiff's counsel

contacted Plaintiff's former attorney less than two months after the initial client interview.  Conferring with former counsel after a file transfer may enable the new attorney to more quickly become acquainted with the file and more efficiently prepare the client's case.  See Jackson v. Austin, 267 F. Supp. 2d 1059, 1068 (D. Kan. 2003) (file review with new and former counsel was "reasonable and helped new counsel to prepare more efficiently for trial" in § 1983 action); I.R.S. v. Brickell Inv. Corp., Nos. 89-0715-CIV. & 89-1051-CIV., 1995 WL 478857 (S.D. Fla. Mar. 24, 1995), report and recommendation adopted, 1996 WL 447251 (S.D. Fla. May 17, 1996) (in attorney fee appeal pursuant to I.R.C. § 7430, prevailing party was entitled to fee award for communications with former counsel because "it is hard to imagine an attorney conscientiously taking over a case and not contacting former counsel a few times[;] three or four times certainly does not seem unreasonable").[15]  Thus, the Court finds that Plaintiff's request for fees for this time is compensable and will not deduct time from Item B on this basis.

With respect to Item C, relating to the preparation of

---

[15]    By contrast, "a defendant should not pay for [the] inefficient practice of a lawyer highly familiar with the case delegating the client's file to another [attorney within the same firm] who had no familiarity at all with the matter." Zhereberesky v. Mitsubishi Motor Sales of America, Inc., 1996 WL 548147 *1 (E.D. Pa. Sept. 18, 1996).

discovery, the Court agrees with Defendant that the amount of time billed for this entry is unreasonable given the relatively straight forward nature of this FDCPA litigation, and the complete lack of detail regarding precisely what sort of discovery was prepared and for what purpose. Defendant has requested that the Court reduce this time entry of 3.9 hours by 1.9 hours. The Court, however, will reduce this entry by 1.0 hour. In a similar vein, Item D regarding the amount of time billed for consulting with Plaintiff and preparing Plaintiff's discovery responses – 4.2 hours – is excessive when considered after a review of the responses Defendant received. Those responses, attached as Exhibit E to Defendant's opposition, appear to be in Plaintiff's own handwriting and do not seem to have been edited or reviewed by Plaintiff's counsel for substance in any way. Further, while the billing records seek fees for "consulting with the client", the record indicates that Plaintiff's counsel simply mailed the discovery to Plaintiff and directed Plaintiff to complete the interrogatories, return them to counsel, and contact counsel if he had any questions. This cannot fairly be considered as a substantive "consultation with the client" regarding discovery responses. Accordingly, the Court will reduce this time entry by 2.2 hours, but not the full 3.5 hour reduction Defendant seeks.

Item E is another discovery related entry seeking fees for 2.40 hours of time regarding another client consultation, emails with defense counsel, and preparing Plaintiff's Response to Defendant's Request for Admissions, which is only 1.5 pages in length. (See Ex. F to Def.'s Mem. [Doc. No. 16-2].) While it surely took Plaintiff's counsel some length of time to prepare this response as it appears a certain degree of legal research and writing went into this document, the Court finds the total amount of time billed to be excessive and will deduct 1.0 hour from Item E, rather than the 1.7 hour reduction sought by Defendant.

With respect to Item F, Defendant seeks a reduction of 0.3 hours based on the time billed for a strategy meeting that included a "law clerk". The Court agrees with Defendant that Plaintiff has failed to include in his moving papers an affidavit attesting to the education, experience, expertise, or knowledge of this unidentified "law clerk", or the nature of this law clerk's employment by Plaintiff's counsel. The Court will therefore reduce this entry as Defendant requests by 0.3 hours.

Items G and H include time expended by Plaintiff's counsel in reviewing Persel & Associates' motions, filed in this case, seeking to seal excerpts from a deposition transcript which

purportedly contained "confidential, proprietary and non-public business information regarding Persel's business practices, agreements, and arrangements with clients and with the law firm of Warren and Vullings, LLP." (Mot. to Seal [Doc. No. 20] 1; Mot. to Seal [Doc. No. 27] 1.) Specifically, Plaintiff requests a total of 3.3 hours for a series of activities which include file review, review of the motions to seal and one accompanying brief (totaling 11 pages), contacting former counsel, and contacting the client. Primarily, attorneys may be compensated for time spent reviewing electronic docket filings. McGuffey v. Brink's, Inc., 598 F. Supp. 2d 659, 672 (E.D. Pa. 2009). However, this time is excessive given the page length of the motions to seal and accompanying brief. Therefore, the Court will deduct a total of 1.0 hour from Items G and H, leaving 2.3 hours remaining.

Finally, Item I is a time entry of 1.42 hours for preparing a letter and exhibits for submission to the arbitrator and providing notes and documents to the client regarding the arbitration. Defendant contends that this time entry is unreasonable in light of what was sent to the arbitrator which consisted of one exhibit – a copy of a one-page letter addressed to Plaintiff and allegedly sent by Defendant. The Court agrees with Defendant that the September 21, 2012 letter sent to the

arbitrator in this case attaching a one-page exhibit indicates that Plaintiff's counsel's billing entry is unreasonable. The letter to the arbitrator is straightforward, very brief, and provides the arbitrator with only minimal information regarding the exhibits to be utilized at the arbitration. While preparing to send an arbitrator or a court hundreds, or even thousands, of exhibits may take a significant period of time, obtaining a copy of a one-page exhibit - the only exhibit being sent - takes only a minimal amount of time. Accordingly, the Court will reduce this time entry by 0.92 hours permitting a total time of 0.5 hours to be recouped – a reduction less than the 1.22 hours sought by Defendant.

In total, the Court will reduce the hours billed for the nine entries Defendant called "unreasonable and unnecessary" by 9.32 hours.

### 2. Administrative Entries

As a general rule, because time that would not be billed to a client cannot be imposed on an adversary "administrative tasks, which are not the type normally billed to a paying client, may not be recovered by a party through a fee petition." Levy, 2011 WL 5117855, at *6. Administrative tasks generally include, but are not limited to, opening a file in a database, entering case updates in a management system, mailing letters,

copying documents, calendaring deadlines, confirming contact

information, and talking with a process server or court clerk.

See, e.g., Levy, 2011 WL 5117855, at *6; Brass v. NCO Financial

Sys., Inc., No. 11-cv-1611, 2011 WL 3862145, at *5 (July 22,

2011).

Here, Defendant argues that sixteen entries, totaling 4.8

hours, are administrative and should be excluded or reduced.

(Def.'s Mem. 19-20.)  The challenged entries include opening

files, sending emails, contacting Defendant's counsel, and

reviewing court documents.  (Id. at 19-20.)  After an

independent review by the Court, it appears that six of the

sixteen challenged entries are truly administrative in nature,

or contain certain administrative tasks that will be excluded

from the fee award.

These six entries are listed below.

| | Date | Billing Description & Hours Billed | Administrative Time Billed for in Entry | Proposed Exclusion | Court's Exclusion |
|---|---|---|---|---|---|
| **AA** | 3/12/2010 | Communicate (with client), conduct initial interview, review account notes, initiate new file (1.2 hours) | Initiation of new file | 0.2 hours | 0.2 hours |
| **BB** | 3/16/2010 | Received summons from court, contact process server, draft letter for summons (0.5 hours) | Receipt of summons from court; contacting the process server | 0.5 hours | 0.3 hours |

| | | | | | |
|---|---|---|---|---|---|
| CC | 5/10/2010 | Review filed, review Court's scheduling order, calendar CMC[16] (0.2 hours) | Calendar CMC | 0.1 hours | 0.1 hours |
| DD | 7/2/2010 | Review Court's scheduling order, contact client to discuss, calendar CMC (0.3 hours) | Calendar CMC | 0.2 hours | 0.1 hours |
| EE | 11/12/2010 | Review of file, review of courts order re: telephone conference, calendar event (0.2 hours) | Calendar event | 0.1 hours | 0.1 hours |
| DD | 4/24/2012 | Review of court order re: status conference, calendar status conference, contact client with status (0.2 hours) | Calendar status conference | 0.1 hours | 0.1 hours |

Therefore, the Court will exclude the hours billed for these administrative tasks noted above in the total amount of 0.9 hours.

### 3.   Duplicative Entries

Defendant also challenges eighteen separate entries as duplicative and redundant on that basis that each of these entries contains the billing notation "review of file." (Def.'s Mem. 20-21.) Defendant asserts that "[c]onducting repeated file reviews in the frequency of sometimes twice a day, is unnecessary" in this case. (Id. at 20.) Defendant suggests that 0.2 hours should be excluded from each of these eighteen entries which bill time for "review of file." (Id. at 20-21.)

As a preliminary matter, attorney's fees may be awarded for

---

[16]    It appears that CMC may be an abbreviation for "Case Management Conference" utilized by Plaintiff's counsel.

time claimed related to letter drafting and file review.
Holzhauer v. Hayt, Hayt & Landau, LLC, CIV.A. 11-2336, 2012 WL
3286059 *5 (D.N.J. Aug. 10, 2012); see also Richerson v. Jones,
506 F. Supp. 1259, 1264 (E.D. Pa. 1981) (permitting attorney's
fees for "preparation for argument, motions, and letters, and
review of files, briefs, and letters").  Indeed, these types of
entries are proper because they are "tasks which must be
accomplished to prepare for court proceedings and to control
litigation."  Id.; see also McGuffey v. Brink's, Inc., 598 F.
Supp. 2d 659, 672 (E.D. Pa. 2009) (finding that review of
electronic filings and preparation of subpoenas, notices of
deposition, and letters were all "necessary to the litigation").

     The challenge the Court faces here is Plaintiff's counsel's
use of block billing.  Generally, the practice of block billing
"will be upheld as reasonable if the listed activities
reasonably correspond to the number of hours billed."  Fed.
Trade Comm'n v. Circa Direct LLC, 912 F. Supp. 2d 165, 177
(D.N.J. 2012).  Here, all of the challenged entries appear to be
in the form of block billing, making it impossible for the Court
to discern the precise amount of time spent on "review of the
file" in these eighteen entries versus the remaining time billed
for other tasks associated with those same entries.  To the
extent that "a block entry is confusing or makes it difficult to

allocate reasonable time to a specific task, 'the blame lies on the party seeking fees because they were in the best position to mitigate any confusion.'" Hatchett v. Cnty. of Philadelphia, 2010 WL 4054285, *4 (E.D. Pa. Oct. 15, 2010) (citing United States v. NCH Corp, 2010 U.S. Dist. LEXIS 94486, at *25, 2010 WL 3703756 (D.N.J. Sept. 10, 2010)).

Here, despite the use of block billing, the Court is still able to make a determination as to whether the billed time for file review can be considered reasonable. The Court notes that the file was reviewed only eighteen times over the course of almost two and a half years of litigation – a period of about 30 months. Moreover, each of the eighteen time entries where "review of the file" is part of the billing included sufficient other legal services that warrant compensation such as preparing for depositions, reviewing court orders, contacting the client, etc. Thus, because file review is a necessary component of the representation and the time expended on such review appears to reasonably correspond to the total number of hours billed in each entry, the Court will not reduce any time for file review, despite its block billing format and Defendant's objection on this issue.[17]

---

[17] Of the eighteen entries challenged as duplicative with respect to inclusion of time billed for review of the file, the

4. <u>Travel Entries</u>

Finally, Defendant objects to Plaintiff's time entries seeking fees for attorney travel time. "Generally, time spent in travel is compensable at the attorney's rate if legal work is being performed during travel." <u>Glass v. Snellbaker</u>, No. 05-1971, 2008 WL 4416450, at *9 (D.N.J. Sept. 23, 2008) (citing <u>Planned Parenthood of Cent. N.J. v. Att'y Gen. of N.J.</u>, 297 F.3d 253, 267 (3d Cir. 2002)). "Courts look to the practice in the local community to determine how to compensate an attorney for travel time" which is normally the vicinage in which the case was tried. <u>D'Orazio v. Washington Twp.</u>, No. 07-5097, 2011 WL 6715635, at *8 (D.N.J. Oct. 18, 2011) (citing <u>Interfaith Community Organization</u>, 426 F.3d at 711). In this vicinage, while travel time is fully compensable if legal work is performed during the time spent traveling, the hourly rate is typically reduced by fifty percent (50%) if the attorney did not perform any legal tasks while traveling. <u>D'Orazio</u>, 2011 WL 6715635, at *8 (citing <u>Glass</u>, 2008 WL 4416450, at *10) (reducing attorney's hourly rate by fifty percent for travel time where "there [was] no indication that legal services were rendered en

_____

Court has already excluded time from four of these entries based on other challenges asserted by Defendant.

41

route")).  Neither Plaintiff's moving papers, nor the billing
summary provided to the Court, indicate that any legal services
were performed during the course of these entries which bill for
travel time.  Accordingly, the relevant hourly rates set forth
above for Mr. Vullings and Mr. Warren will be reduced by fifty
percent with respect to travel time.  Thus, Mr. Vullings will be
compensated for travel at a rate of $125 per hour and Mr. Warren
at a rate of $130 per hour.

While the Court is able to resolve the issue of the proper
hourly rate with respect to travel time, Plaintiff's use of
block billing renders the Court unable to determine the amount
of time that was actually spent traveling.  The time entries
that bill for travel include the performance of additional legal
services, such as preparing for deposition, attending
depositions, and attending the arbitration itself.  These
consolidated entries make no distinction between what amount of
time is specifically attributable to travel versus the preparing
for and attending depositions and the arbitration.

|  | Date | Billing Description & Hours Billed | Destination of Travel | Defendant's Suggested Time Compensable at Reduced Travel Rate |
|---|---|---|---|---|
| **AAA** | 9/22/2010 | Review of file, prepare for depositions of client and wife, travel to depositions, attend depositions (6.5 hours) | Deposition of Plaintiff held at 1617 John F. Kennedy Blvd., Philadelphia, PA 19103 | 1.3 hours |

| BBB | 9/24/2010 | Review of file, prepared for depositions of client's former counsel, travel to depositions in MD, attend depositions (10.0 hours) | Deposition of Neil Ruther held at 29 West Susquehanna Ave., Towson, MD 21204 | 4.5 hours |
|-----|-----------|---|---|-----------|
| CCC | 10/4/2012 | Travel to and attend arbitration (4.5 hours) | Arbitration held at 20 E. Taunton Road, Berlin, NJ 08009-2603 | 2.5 hours |

In an attempt to determine what amount of time can be attributed to the travel billed for by Plaintiff's counsel in each of the three challenged entries, Defendant utilized the website www.mapquest.com[18] to obtain the approximate travel distance and travel time between Plaintiff's counsel's offices in Collegeville, Pennsylvania and the respective deposition and arbitration locations listed above. Defendant calculated that the round trip travel time for each entry accounts for approximately 1.3 hours of the 6.5 hours listed in Item AAA, 4.5 hours of the 10.0 hours listed in Item BBB, and 2.5 hours of the 2.5 hours listed in Item CCC. (Def.'s Mem. 22.) Based on these estimates, Defendant asserts that these three time amounts (1.3 hours, 4.5 hours, and 2.5 hours) should be compensated at a reduced travel rate as set forth supra. Plaintiff has not

---

[18]   This website is an online mapping and routing service where users enter their location and their destination in order to obtain driving directions, approximate mileage, and estimates as to travel times.

offered any argument or evidence contradicting Defendant's
method for calculating the travel time.  The Court finds
Defendant's calculations to be reasonable and has independently
verified the estimated travel times calculated by Defendant.
Accordingly, for these three challenged entries, fees will be
award at the reduced rate for the travel times set forth above,
and the remaining time will be billed at the reasonable hourly
rate approved of <u>supra</u>.

### E.    Calculation of the Lodestar

At this time, the Court would typically calculate the
lodestar to determine the final fee award for this case.
However, the Court is unable to do so because Plaintiff's moving
papers are insufficient and fail to comply with the requirements
of the Local Rules as set forth below.

As Defendant points out in opposing the current motion,
Plaintiff failed to comply with Local Civil Rule 54.2.  Local
Rule 54.2 sets forth the requirements for affidavits offered in
support of an award of attorney's fees in cases where such fees
are permitted.  Specifically, Local Rule 54.2(a) requires that
any affidavits or other documents filed in support of a request
for fees set forth:

> (1) the nature of the services rendered, ... the
> responsibility assumed, the results obtained, any
> particular novelty or difficulty about the matter,

and other factors pertinent to the evaluation of
the services rendered;
(2) a record of the dates of services rendered;
(3) a description of the services rendered on each
of such dates by each person of that firm
including the identity of the person rendering the
service and a brief description of that person's
professional experience;
(4) the time spent in the rendering of each of
such services; and
(5) the normal billing rate for each of said
persons for the type of work performed.

L. CIV. R. 54.2(a); see also Gloucester County Improvement Auth.

v. Gallenthin Realty Dev., Inc., No. 07-5328, 2011 WL 3328474,

at *2 (D.N.J. Aug. 1, 2011) (citing L. CIV. R. 54.2(a)).

Further, Local Rule 54.2(b) requires the affidavit to describe

"all fee agreements" and to set forth "both the amount billed to

the client for fees and disbursements and the amount paid." L.

CIV. R. 54.2(b). When any of these requirements are absent from

the affidavit, the Court may require the prevailing party to

file "a more complete certification complying with L. Civ. R.

54.2 showing good cause for why the attorney fee sum was

necessary." Spectrum Prod. Distribs. v. Fresh Mktg., 2012 U.S.

Dist. LEXIS 33332, *4 (D.N.J. Mar. 12, 2012).

As Defendant points out, Plaintiff's motion fails to comply

with the requirements of Local Rule 54.2 and is therefore

deficient. Initially, the billing summary attached as Exhibit 1

to Plaintiff's motion consists of a four-page document with

approximately 45 time entries, none of which "identi[fy] ... the

person rendering the service" as required under the Rule.  The

Declarations of Mr. Vullings and Mr. Warren similarly fail to

identify which attorney rendered the services described in each

individual time entry.  (See Ex. 1 to Pl.'s Mot. [Doc. No. 38-1]

1-3.)  For example, the first entry reads as follows:

| Date | Description | Hours | Rate | Tax | Total |
|------|-------------|-------|------|-----|-------|
| 3/12/2010 | A106 Communicate (with client) Conduct initial interview, review account notes from counsel, initiate new file | 1.20 | $325.00 | $0.00 | $390.00 |

(Id. at 1.)  This entry includes only the date, a description of

the services rendered, the hours expended, the hourly rate, and

the total amount billed for that entry, without any reference to

which attorney performed the legal services described therein.

(Id.)  All 45 time entries that are part of the present motion

suffer from the same deficiency noted here, and the Declarations

by Mr. Vullings and Mr. Warren fail to resolve the issue because

neither specify which time entries are attributable to which

attorney.  Similarly, Plaintiff has failed to include a

descriptions of all fee agreements in violation of Local Rule

54.2(b).

Defendant also argues that Plaintiff has failed to

differentiate between work performed by Plaintiff's attorneys

when they were associated with the law firm of Warren and

46

Vullings, LLP (through March of 2012), as opposed to the law
firm known as the Vullings Law Group, LLC. (Def.'s Mem. 12.)
Defendant alleges that the "lack of documentation by Plaintiff
on this front makes it additionally difficult to judge and
determine the reasonableness of the fees sought when it is not
clear what firm was billing for what time and for which
particular entity." (Id.) Local Rule 54.2(a)(3), specifically
requires that the description of services rendered must not only
identify the person rendering the service, but also the law firm
with whom that person is associated. Plaintiff's motion,
exhibits, and declarations fail to comply with this portion of
the Local Rule.

In circumstances such as this, where the party seeking an
award of fees has not complied with the requirements of Local
Rule 54.2, the Court may deny or reduce fee and expense awards
for inadequate documentation. See Wade v. Colaner, 2010 U.S.
Dist. LEXIS 138518, *40-41 (D.N.J. Dec. 28, 2010) (denying
attorney fees for inadequate documentation because the "Court
does not have the appropriate evidence to evaluate the
reasonableness" of the fee request); Cityside Archives v. New
York HHC, 37 F. Supp. 2d 652, 661 (D.N.J. Mar. 3, 1999)
(reducing fees where the documentation provided to the court was
"wholly inadequate and entirely unacceptable"). Rather, the

Court will exercise its discretion, deny the motion without prejudice, and allow Plaintiff to correct the deficiencies which prevent the Court from properly calculate the lodestar at this time. Accordingly, within ten days of the entry of this Opinion and its accompanying Order, Plaintiff's counsel shall file supplemental affidavits and updated billing summaries that properly identify which attorney rendered which legal services, for attorney's fees and costs, along with any supporting affidavits and documentation.[19] Plaintiff's supplemental filing must fully comply with all of the requirements of Local Rule 54.2.[20] See <u>Spectrum Prod. Distribs. v. Fresh Mktg.</u>, 2012 U.S. Dist. LEXIS 33332, *4.

## V. <u>CONCLUSION</u>

Accordingly, Plaintiff's motion is denied without prejudice. In accordance with the accompanying Order, Plaintiff

---

[19] Plaintiff's submission to the Court should be limited to segregating the work performed by Mr. Vullings from the work performed by Mr. Warren.

[20] Nothing in the Court's Opinion should be construed to prevent the parties from negotiating and settling the issue of attorney's fees and costs without further motion practice before the Court. However, if the parties should pursue this option, Plaintiff must take all necessary steps to preserve his rights to file the supplemental materials in a timely manner.

has ten (10) days to file the supplemental materials outlined in this Opinion, ensuring full compliance with Local Civil Rule 54.2.  At the time such documentation is submitted, the Court will calculate the lodestar and determine the final fee award.


Dated: November 26, 2013                     s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.