## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

---

BRIAN OLIN,

        Plaintiff,

   v.


M.R.S. ASSOCIATES, INC.,

        Defendant.

Civil No. 10-1380 (NLH/KMW)


**MEMORANDUM OPINION AND ORDER**

---

**HILLMAN, District Judge**

    This matter having come before the Court by way of Plaintiff's declaration [Doc. No. 41] in support of his original motion [Doc. No. 38] for attorney's fees and costs in this case brought pursuant to the Fair Debt Collection Practices Act; and

    The Court having previously denied Plaintiff's original motion without prejudice by Opinion and Order [Doc. Nos. 41, 42] dated November 26, 2013;[1] and

    The Court having found in the November 26, 2013 Opinion

---

[1]    As set forth in the Court's November 26, 2013 Opinion, Plaintiff's original motion sought an award of attorney's fees and costs totaling $22,847.92, including fees for work completed by two attorneys, Brent F. Vullings, Esquire, and Bruce K. Warren, Esquire. (Op. [Doc. No. 41] 22-23, Nov. 26, 2013.)  With respect to Mr. Vullings, Plaintiff sought fees in the amount of $15,899.00 for 48.92 hours of work billed at a rate of $325.00 per hour.  (Id.)  As to Mr. Warren, Plaintiff seeks fees in the amount of $6,500.00 for 20 hours of work billed at a rate of $325.00 per hour.  (Id.)

that Plaintiff's original motion for attorney's fees was untimely under both Federal Rule 54(d)(2)(B)(i) and Civil Rule 54.2(a) because it was filed 84 days beyond the deadline for such a motion - a delay of approximately three (3) months, (Op. [Doc. No. 41] 13-14, Nov. 26, 2013); and

The Court having further found that despite its willingness to consider Plaintiff's untimely motion, the nearly three month filing delay was "sufficient enough to warrant the imposition of a percentage based reduction off of the total award of attorney's fees after the lodestar is calculated[,]"[2] (id. at 18, 21.); and

The Court having determined that a percentage reduction of fees at a rate of eight and one-third percent ($8\frac{1}{3}$%) for each month that the motion was delayed for a total percentage reduction of twenty-five percent (25%) constituted an appropriate percentage reduction to apply after the final calculation of the lodestar, (id. at 21) (citing Nat'l Amusements, Inc. v. Borough of Palmyra, No. 08-2469, 2010 WL 3199880, at *1, 4) (D.N.J. Aug. 12, 2010) (finding a twelve

---

[2]    The Third Circuit has instructed that "blanket percentage reductions should not be ordered in a perfunctory fashion, ... [but] are permissible so long as the court 'provide[s] a concise [and] clear explanation of its reasons for the fee award[.]" Von Muller, 2013 WL 4852293, at *4 (citing Hensley, 461 U.S. at 437; Daggett v. Kimmelman, 811 F.2d 793, 797 (3d Cir. 1987)).

month delay warranted complete denial of a motion for attorney's fees); and

The Court having further found that Plaintiff was not entitled to fees for six hours of work expended preparing Plaintiff's original motion and Plaintiff's reply papers given that these submissions were made in such an untimely manner and a perfunctory form, (Op. [Doc. No. 41] 21-22, Nov. 26, 2013); and

The Court having also found that, in accordance with the Community Legal Services of Philadelphia Fee Schedule, Mr. Vullings would be compensated at an hourly rate of $250, and that Mr. Warren would be compensated at an hourly rate of $260, given their total years of experience, respectively, (id. at 24-25);[3] and

The Court having made explicit, detailed findings that certain reductions in the amount of hours billed were necessary with respect to time entries that were either: (1) unreasonable

---

[3]     In the amended declarations [Doc. Nos. 43-1, 43-2] filed on December 5, 2013 by Plaintiff's counsel, Mr. Vullings and Mr. Warrant continue to assert that they are entitled to a reasonably hour rate of $325.00 for their respective services on this case.  For the reasons set forth in detail in the November 26, 2013 Opinion, the Court has already determined the reasonable hourly rates at which these attorneys will be compensated.  To the extent the amended declarations are offered in support of a higher hourly rate, the Court need not address this issue because it was fully addressed in the prior Opinion.

and unnecessary; (2) administrative in nature; and (3) related to travel, (see Op. [Doc. No. 41] 25-40, Nov. 26, 2013);[4] and

The Court having determined that many of the time entries challenged by Defendant were unreasonable in length, warranting a total reduction of 9.32 hours for entries that were categorized as unreasonable and unnecessary, (id. at 26-33); and

The Court having also determined that six specific time entries billed for tasks that were administrative, rather than legal, in nature thus warranting a total reduction of another 0.9 hours, (id. at 33-35); and

The Court having further determined that for time entries that also billed for travel, Mr. Vullings would be compensated for travel at a rate of $125 per hour and Mr. Warren at a rate of $130 per hour – a fifty percent (50%) reduction in their reasonably hourly rates, consistent with the practice in this vicinage that the hourly rate is typically reduced by fifty percent if the attorney did not perform any legal tasks while traveling, (id. at 38-39); and

---

[4]    The specific time entries challenged by Defendants, the corresponding reductions of time, and the basis for such reductions were set forth in detailed charts and throughout the text of the November 26, 2013 Opinion.  Reproducing those charts or the Court's reasoning herein is duplicative and unnecessary. This Memorandum Opinion simply details the total amount of compensable hours after all reductions previously ruled on by the Court.

The Court finding that there were three travel time entries in the respective amounts of 1.3 hours, 4.5 hours, and 2.5 hours, which would be compensated at a fifty percent reduced rate, (id. at 39-40); but

The Court having been unable to conduct a final calculation of the lodestar at the time the November 26, 2013 Opinion was entered because Plaintiff's original motion contained several deficiencies that did not comply with the Local Rules, including Plaintiff's failure to adequately attribute each of the 45 time entries to the attorney who performed the worked for that entry, (id. at 41-43); and

The Court having thereafter denied the motion without prejudice and having granted Plaintiff an opportunity to correct the deficiencies outlined in the November 26, 2013 Opinion by filing supplemental affidavits and updated billing summaries that properly identified which attorney rendered which legal services, (id. at 44-45); and

Plaintiff having filed a declaration [Doc. No. 41] which includes an updated billing summary that identifies which attorney and what law firm performed which legal services in this matter, along with amended declarations by both Mr. Vullings and Mr. Warren; and

The Court having reviewed the updated billing summary and

the amended declarations of counsel, and construing Plaintiff's most recent filing as a renewed motion for attorney's fees and costs; and

The Court having now determined that the number of hours billed by Mr. Vullings at the outset minus the appropriate reductions to time entries for Mr. Vullings' services, as outlined in detail in the Court's November 26, 2013 Opinion, results in a total amount of 38.0 hours of time expended by Mr. Vullings which will be compensated at the rate of $250 per hour for the reasons set forth in the November 26, 2013 Opinion; and

The Court having further determined that based on the billing summary and the Court's prior calculations of travel time, Mr. Vullings spent 3.8 hours traveling with respect to this case, and that this travel time is compensable at a rate of $125 per hour – fifty-percent (50%) of his reasonable hourly rate; and

The Court having also now determined that the number of hours billed by Mr. Warren at the outset minus the appropriate reductions to time entries for Mr. Warren's services, as set forth in detail in the Court's November 26, 2013 Opinion, results in a total amount of 14.3 hours of time expended by Mr. Warren which will be compensated at the rate of $260 per hour for the reasons set forth in the November 26, 2013 Opinion; and

The Court having further determined that based on the billing summary and the Court's prior calculations of travel time, Mr. Warren spent 4.5 hours traveling with respect to this case, and that this travel time is compensable at a rate of $130 per hour - fifty-percent (50%) of his reasonable hourly rate; and

The Court now being in a position to calculate the final lodestar does so as follows:

| Legal Professional | Reasonable Hourly Rate | Reasonable Hours Expended | Subtotal of Recoverable Fees |
|---|---|---|---|
| Brent F. Vullings, Esquire | $250.00 (for legal work) | 38.0 (performing legal work) | $9,500.00 |
| Bruce K. Warren, Esquire | $260.00 (for legal work) | 14.3 (performing legal work) | $3,718.00 |
| Brent F. Vullings, Esquire | $125.00 (for travel time) | 3.8 (traveling) | $475.00 |
| Bruce K. Warren, Esquire | $130.00 (for travel time) | 4.5 (traveling) | $585.00 |
| Total Lodestar: | | | $14,278.00 |

and

The Court now also being in a position to apply the twenty-five percent (25%) reduction in fees which is being imposed as a result of the untimely nature of Plaintiff's original motion; and

The Court finding that 25% of $14,278.00 is equal to the total amount of $3,569.50, which subtracted from the total lodestar results in a final award of $10,708.50 in attorneys' fees; and

The Court further finding that Plaintiff is also entitled to costs in the amount of $450.00;[5] and

The Court therefore concluding that Plaintiff is entitled to a total award of **$11,158.50** for both attorney's fees and costs in this action; and

The Court thereby granting Plaintiff's motion at this time based on the declaration [Doc. No. 41] filed by Plaintiff on December 5, 2013; and for good cause shown.

Accordingly,

IT IS on this   14th   day of    February    , 2014, hereby

**ORDERED** that the Clerk is directed to **REOPEN** this this matter; and it is further

**ORDERED** that Plaintiff's motion for attorney's fees shall be, and hereby is, **GRANTED IN PART and DENIED IN PART** for the reasons set forth in both the Court's November 26, 2013 Opinion and this Memorandum Opinion and Order; and it is further

---

[5]    These costs include $350.00 for the filing fee, and $100.00 for service of the complaint.

**ORDERED** that Defendant shall reimburse Plaintiff's attorneys in the total amount of **$11,158.50**; and it is further

**ORDERED** that the Clerk is directed to mark this matter as **CLOSED**.

s/ Noel L. Hillman

At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.